IN THE UNITED STATES OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BMG MUSIC, ET AL.                                                                            PLAINTIFFS

vs.                                    NO. 1:08CV00015 BSM

SONYA WILES                                                                                  DEFENDANT

**<u>ORDER</u>**

Plaintiffs bring this action against Defendant seeking damages and injunctive relief for copyright infringement.  Plaintiffs allege that Defendant downloaded and/or distributed to the public copyrighted recordings without the permission or consent of Plaintiffs.  Defendant's alleged  actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

Plaintiffs have moved for a default judgment.  They state that they served the summons and complaint on Defendant on April 8, 2008 and that she failed to appear or otherwise respond within the time required by the Federal Rules of Civil Procedure.  Plaintiffs seek $6,000.00 in statutory damages, an injunction and costs of $420.00.

On May 16, 2008, Defendant submitted to the court a copy of a letter she wrote to Dan Scott, one of Plaintiffs' attorneys.  This letter was docketed as Defendant's answer. Because of some confusion in the Clerk's Office, the letter was not actually docketed until after Plaintiffs moved for default judgment.

After Plaintiffs filed their motions, Defendant submitted to the court another letter she wrote to Lisa L. Honey, another one of Plaintiffs' counsel.  This letter was received in the Clerk's Office on June 26, 2008 but was not docketed until July 8, 2008.  Honey, however, had been granted leave to withdraw as Plaintiffs' counsel by Order dated May 16, 2008.  It is therefore

unclear whether Plaintiffs' counsel received the letter.  It is also unclear whether Defendant's letter was in response to Plaintiffs' motions as there is no indication that Plaintiffs served Defendant with a copy of the motions.  Consequently, Defendant's letter to Honey was docketed as a supplemental answer.

Rule 55 of the Federal Rules of Civil Procedure provides that the court may enter a default judgment against a party who has failed to plead or otherwise defend.  "Default judgments are not favored by the law."  *United States v. Harre*, 983 F. 3d 128, 130 (8th Cir. 1993). A default judgment is a drastic remedy which should be used only in extreme situations. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir.2001)   There is a strong judicial policy against default judgments and a judicial preference for adjudication on the merits.  *Oberstar v. FDIC*, 987 F. 2d 494, 504 (8th Cir. 1993).  Granting a default judgment for "a marginal failure to comply with the time requirements" is not appropriate.  *Oberstar*, 987 F.2d at 503; *Harre*, 983 F.2d at 129-30.

"In this circuit, the cases reflect that modest periods of delay, which have not appreciably prejudiced the plaintiffs, have consistently been treated as 'marginal failures.' Instead, an entry of a Default Judgment has been reserved for those occasions which exhibit a clear demonstration of willful neglect, or intentional delay." *Higgins v. Dankiw,* No. 8:08CV15, 2008 WL 2565110, *3 (D. Neb. June 24, 2880) (citations and internal quotations omitted).

Here, Defendant, who is proceeding *pro se*, filed an answer to the complaint eighteen days after a response to the complaint was due.  This slight delay does not prejudice Plaintiffs.  It is a "marginal failure" at most.  Defendant is not in default

Accordingly, the motion for entry of default (Doc. No. 12) and the motion for entry of

default judgment (Doc. No. 13) are hereby denied.

      IT IS SO ORDERED this 16${}^{th}$ day of July, 2008.

                                        _____
                                        UNITED STATES DISTRICT JUDGE